**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**PATRICIA A. KEEBY,**

    **Plaintiff,**

v.                                         **Case No. 8:08-cv-1355-T-TBM**

**MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
_____/

## O R D E R

The Plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits and Supplemental Security Income payments. For the reasons set out herein, the decision is affirmed.

I.

Plaintiff was forty-eight (48) years of age at the time of her administrative hearing in August 2007. She stands 5' 8" tall and weighed 160 pounds. Plaintiff has a high school education with a GED and some additional training in secretarial work. Her past relevant work was in upholstery and furniture repair. Plaintiff applied for disability benefits and Supplemental Security Income payments in January 2004, alleging disability as of July 27, 2003, by reason of a number of conditions including diabetes, hypertension, problems with her kidneys, liver, thyroid, pain and numbness in her extremities, back and joints, and

problems with her vision. The Plaintiff's applications were denied originally and on reconsideration.

The Plaintiff, at her request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ"). The Plaintiff was represented at the hearing by counsel and testified in her own behalf.

In essence, Plaintiff testified that she is unable to work due to problems with her vision and pain in her hands, feet, and back. In her last job doing furniture repair, she was terminated because she could not perform the work. By her account, she is unable to see things close up but is okay with things that are further away. Cataract surgery did not help. She suffers from uncontrollable diabetes and has lots of pain in the nerve endings in her feet and hands. Plaintiff stated she is in pain all of the time. Simple rubbing of her feet causes stabbing pain. She has tried pain medications but they did not help. In addition, she has a lot of pain in her mid-back. She attributes her back pain to problems with her kidneys and sclerosis. Since the pain medication does not help, she just moves around when it becomes too painful. Plaintiff takes insulin for her diabetes but has difficulty controlling her blood sugar. She claims to have been hospitalized on a number of occasions because of her diabetes.

Additionally, she indicates that she is very depressed, sad. She has crying spells where she cries for no apparent reason. She blames this on her lack of function which makes her depressed. She claims problems with her memory and concentration as well. Plaintiff testified she simply forgets things and is unable to complete tasks. She tries not to cook

because of her forgetfulness. She does not do grocery shopping because she cannot be around people. Her brother helps with cleaning and laundry. Plaintiff indicated she has problems sleeping at night and ends up sleeping during the day. While she can bathe and dress herself, she finds that she does not do so regularly and has to be reminded. During the day, she typically watches television from a distance while on the couch. Because of her pain she has to get up and move about.

By Plaintiff's estimation she can stand for thirty minutes and can sit for twenty to thirty minutes but in each instance, she still has to move around. She would have trouble lifting a gallon of milk. By her account, she cannot walk a mile. She indicates the problem with the nerve endings in her hands make it so that she cannot write. She can use the computer but only for a few minutes. Plaintiff does not have trouble bending over and can drive short distances.

When asked whether she could perform sedentary work with certain accommodations, Plaintiff indicated she doubted she could because of her poor vision.

Plaintiff acknowledged she smokes a half pack of cigarettes a day, but she denied drinking any longer. When the ALJ suggested there was medical evidence to show she had continued to drink beyond when she claims to have quit, Plaintiff indicated she must have just told the doctor that to get some pain medications. Plaintiff used illegal drugs as a teenager, but denies current use. (R. 539-57).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary. Plaintiff's date last insured for disability benefits was December 31, 2008.

By his decision of November 6, 2007, the ALJ determined that while Plaintiff has severe impairments related to hypothyroidism, hypertension, diabetes mellitus, and diabetic neuropathy, she nonetheless had the residual functional capacity to perform a full range of medium exertional work. Upon this finding, the ALJ concluded that Plaintiff could perform her past work as a furniture repairman/technician and upholsterer. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 12-21). The Appeals Council denied Plaintiff's request for review.

II.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.*

at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

III.

The Plaintiff raises a single claim alleging that "there was not substantial evidence to support the ALJ's findings that Ms. Keeby could perform medium work." By this argument, Plaintiff maintains that there is no substantial evidence to support the conclusion that she is capable of performing medium exertional work as such is defined by the regulation. On the contrary, she maintains that the medical evidence reveals that she is incapable of standing, walking, or being on her feet for most of the day as such medium work would require.[1] In support, she cites to the treatment records of neurologist, Dr. Alain Delgado, M.D., who found Plaintiff suffered from diabetic sensory and motor polyneuropathy, weakness in her right foot, and diminished bilateral sensation below the knees. Plaintiff further urges that while it is entirely unclear how the ALJ arrived at the RFC for medium exertional work, if such was based on the assessment of the reviewing, nonexamining doctors, such was error as two of the three reports are unsigned and all appear to have been completed before her diagnosis for neuropathy. Similarly, she urges that while the ALJ does not mention the consulting examiners, the evaluations by Dr. Morris Kutner, M.D., and Dr. Edwin Lamm, M.D., were likewise before Plaintiff's diagnosis for diabetic neuropathy and thus cannot supply the necessary substantial evidence to support the ALJ's RFC assessment for medium work. In sum, Plaintiff concludes that because there is no substantial evidence to support a finding for

---

[1]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

medium exertional work, the decision should be reversed and remanded for further evaluation. (Doc. 16 at 11-16).

In response, the Commissioner urges that the ALJ fairly assessed the medical evidence and correctly concluded that Plaintiff could perform medium exertional work. While the ALJ did diagnose polyneuropathy and weakness in the right foot, diagnosis alone is insufficient to establish a disability. Further, the whole of the medical record, including reports from the consultative examiners, supports that Plaintiff could still perform medium exertional work. Despite her condition, Plaintiff was capable of caring for two grandchildren, drank on a daily basis, tested positive for opiates, intentionally malingered during certain examinations, and was viewed by at least one physician as having no problem keeping her from work. Since none of Plaintiff's treating sources limited her activities, the conclusion is supported by substantial evidence. As for Plaintiff's argument that the ALJ failed to consider the medical opinions of the reviewing, nonexamining doctors and indicate the weight given the assessments, the Commissioner notes the decision reflects his discussion of all three assessments and the further statement by the ALJ that he had considered the assessments in the record. The decision also reflects that the ALJ did not "tether" his RFC assessment to any particular nonexamining doctor's assessment, but instead based it on the record as a whole. Since none of Plaintiff's doctors indicated any work-related limitations and two of the nonexamining doctors found Plaintiff could do medium work, the decision is supported by substantial evidence. (Doc. 17 at 12-14).

After careful review of the whole of the medical record, I conclude Plaintiff cannot prevail on her claim. As the decision indicates, these claims for benefits were decided at step

four of the five-step evaluation process dictated by the regulations. At step four, the burden is on the claimant to show that her impairments or combination of impairments prevent her from performing her past work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Plaintiff's argument that she cannot do medium exertional work hinges on the diagnosis by Dr. Delgado of sensory and motor polyneuropathy, as such was suggested on nerve conduction studies of her lower extremities in March 2006.[2] *See* (R. 252). From this diagnosis and the doctor's use of medications to treat the same, Plaintiff extrapolates that she could not be on her feet up to six hours in an eight-hour day and thus could not perform medium exertional work. However, when the whole of the medical evidence is considered, the ALJ was not obliged to make that same determination. A review of the clinical findings in the records from Dr. Delgado, Dr. Franklin, and Dr. Cuervo, as well as those in records from her hospitalizations, does not convince me that the ALJ erred in his RFC assessment and Plaintiff does not demonstrate otherwise on this appeal.[3]

---

[2]Plaintiff cites to no earlier medical record to support that she was disabled from performing medium exertional work and a consideration of that record reveals why. While she had earlier complained of pain or numbness in her legs, no treating doctor, consulting examiner, or nonexamining doctor imposed any limitations prohibiting her from work. The opinions from consulting examiners uniformly suggested that Plaintiff was capable of work. *See* (R. 329, 400, 482). Clearly, her claim for disability as of July 2003, is unsupported by the medical evidence. Dr. Delgado's diagnosis brought some clarification to her complaints, but even after this diagnosis, no doctor imposed functional limitations which would prevent medium work.

[3]Clinical findings by Dr. Delgado for instance reveal that when he first diagnosed the polyneuropathy, Plaintiff had some minor weakness in her right leg and hip and diminished pinprick sensation below her knees, but her upper extremities were entirely intact. (R. 257-59). By his account, diabetic management was the key to treatment. He recommended medication and physical therapy to address the neuropathy. *Id.* His later notes offer nothing in addition.

8

Plaintiff's own account can also be read to support the conclusion that she had the functional capacity to return to her former work. At the hearing, she testified that it was her vision which would prevent her from returning to her past work. However, as the ALJ noted, the evidence concerning her vision suggested that her condition affected one eye and was correctable. Plaintiff's treatment records also suggest that Plaintiff was less than compliant with doctor's advice for managing her diabetes. Notations for use of alcohol and use of opiates certainly suggest a lack of compliance and care for her well-being. As the ALJ noted, there are also references in medical notes suggesting a fairly active lifestyle such as her doing household chores, shopping, and caring for her grandchildren. As noted above, opinions from the consulting examiners indicate that Plaintiff's subjective complaints were not borne out by physical examinations.

As noted above, it is the ALJ's duty to evaluate and weigh the evidence, not the court's. Indeed, the court is obliged to give deference to the factual findings of the ALJ so long as such are supported by substantial evidence. Here, I am left to conclude that the ALJ fully and fairly reviewed the medical record in reaching his assessment for medium work and that the conclusion is supported by substantial evidence.[4]

---

[4] As for the ALJ's handling of the reports from the reviewing, nonexamining doctors and the consulting doctors, it is apparent that these were all considered by the ALJ. *See* (R. 15, 20). While the ALJ should have given a clear statement to the weight he gave the two nonexamining doctors assessments for medium work, I find any error in this regard is harmless. It is apparent to me that the RFC assessment was made from a review of the whole of the medical evidence and that these assessments were just one part of that analysis. By any reasonable reading, the reports from the consulting examiners do not support the claim of disability.

9

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

**Done and Ordered** at Tampa, Florida, this 22nd day of February 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record